Argued and submitted December 12, 1991, affirmed July 22, 1992

## Georgianna SMITH,
*Petitioner,*

*v.*

## ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-1701-AX1327-0; CA A69914)

834 P2d 537

John B. Raviolo, Grants Pass, argued the cause and filed the brief for petitioner.

Karen Majcher Art, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner seeks judicial review of an order of Adult and Family Service Division (AFSD) that terminated her Aid to Dependent Children (ADC)[1] grant on the ground that the income of her family exceeded the maximum allowed under AFSD's guidelines. We affirm.

Petitioner adopted her four grandchildren in 1990. Two of them are African-American. The other two are Caucasian and are the half-sisters of the African-American children. The African-American children were adopted by petitioner with the consent of the Children's Service's Board in Richland, Ohio, after the biological mother's parental rights had been terminated. Ohio authorities have determined that the African-American children are "special needs children" and pay $250 per month per child in adoption assistance that can only be used for the care of those children. Those payments, when combined with petitioner's benefits as the widow of a veteran, raise the income of the family to an amount greater than allowed for Oregon ADC recipients in a family of five. AFSD terminated the ADC grant, and petitioner requested a hearing.

In an order dated July 30, 1990, a hearings officer reinstated the ADC grant, reasoning that the Ohio adoption assistance payments were not income for the purpose of determining ADC eligibility in Oregon, because petitioner was unable to control their use. Effective January 1, 1991, OAR 461-145-001[2] was promulgated and, thereafter, the

---

[1] The federal government calls the program Aid to Families with Dependent Children (AFDC).

[2] OAR 461-145-001 provides:

"(1) Adoption assistance is financial assistance provided to families adopting children with *special needs*. Adoption assistance may be state or federally funded. Federal adoption assistance is authorized by the Adoption Assistance and Child Welfare Act of 1980 (PL 96-272). State adoption assistance is authorized by ORS 440.335.

"(2) Treat adoption assistance as follows:

"(a) Exclude the portion of adoption assistance that is for the *special needs* of the child. This includes needs such as special diet, special clothing, counselling, and medical costs not covered by Title XIV.

"(b) Count the rest of the adoption assistance as unearned income." (Emphasis supplied.)

ADC grant was again terminated. Petitioner again requested a hearing.

After the second hearing, the hearings officer concluded that the new rule had the effect of making the Ohio adoption assistance payments unearned income and, therefore, countable for determining ADC eligibility. The hearings officer reasoned that the term "special needs" has two meanings for purposes of OAR 461-145-001. The first meaning refers to the degree of difficulty that some children experience in being adopted; the second refers only to needs that require additional expenditures. Only adoption assistance for "special needs" children who fit the second definition is excluded from determining the family's ADC eligibility. The hearings officer found that the African-American children did not have special needs under the second definition. As a result, the hearings officer affirmed the termination decision.

Petitioner argues that the hearings officer erred in ruling that the African-American children did not have special needs under both meanings. Even assuming, however, that petitioner's argument is correct, we must still affirm the hearings officer. ADC is a federally funded program. ORS 291.003 requires that, "[i]n all cases where federally granted funds are involved, the federal laws, rules and regulations applicable thereto shall govern * * *." When the ADC grant was terminated, federal law required Oregon to include "the income of or available for" siblings living with the ADC recipients in determining ADC eligibility, unless a specific exception applied. 42 USC § 602(a)(38).[3] Because no exception was applicable, the adoption assistance payments were

---

[3] 42 USC § 602(a) provides:

"A State plan for aid and services to needy families with children must

"* * * * *

"(38) provide that in making the determination under paragraph (7) with respect to a dependant child and applying paragraph 8, the State agency shall (except as otherwise provided in this part) include—

"(A) any parent of such child, and

"(B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 606(a) of this title or in section 607(a) of this title (if such section is applicable to the State),

"if such parent, brother or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with

"the income of or available for" the use of the African-American children. *See* 55 Fed Reg 18912.[4] AFSD correctly determined that the Ohio adoption assistance payments are includable for determining ADC eligibility.[5]

Affirmed.

---

respect to the family (notwithstanding section 405(j) of this title, in the case of benefits provided under subchapter II of this chapter."

[4] 55 Fed Reg 18912 (May 7, 1990) reads:

"The exclusion of an individual under section 478 [42 USC § 678] is limited only to a child who receives foster care maintenance payments as defined by section 475(4) and authorized by section 472 of title IV-E of the Social Security Act. The exclusion does not extend to individuals receiving payments under the Federal adoption assistance program as set forth in section 473 of title IV-E of the Act or to payments under State-only foster care or adoption assistance programs. Thus, there is no statutory basis for not applying section 402(a)(38) [42 USC § 602(a)(38)] to these individuals."

[5] Effective May 1, 1991, 42 USC § 609 provides:

"Notwithstanding any other provision of this subchapter (other than subsection b of this section) —

"(1) a child with respect to foster care maintenance or adoption assistance payments made under part E of this subchapter or under State or local law shall not, for the period for which such payments are made, be regarded as a member of a family for purposes of determining the amount of benefits of the family under this part; and

"(2) the income and resources of such child shall be excluded from the income and resources of a family under this part."

As a result of the statutory change, only three months of ADC payments are at issue in this case.