Argued and submitted December 18, 1992, affirmed July 28, 1993

Camie CHRISTENSEN
and Pamela Winn,
*Petitioners,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(000501; CA A73969)

857 P2d 162

Arthur P. Klosterman, Salem, argued the cause for petitioners. With him on the brief was Whitehead & Klosterman, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Diane S. Lefkow, Assistant Attorney General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Petitioners seek review of an order by the Adult and Family Services Division (AFSD) holding that petitioners' personal injury claim settlements were subject to liens to recover public funds paid through ADC grants. We affirm.

During the time that they were receiving ADC[1] grants, each petitioner was in a car accident and received a settlement from the resulting personal injury claim. AFSD asserted liens on the settlements pursuant to ORS 416.540. As a result of the lien, petitioner Winn paid $4,748.00 of her settlement, and petitioner Christensen paid $811.50 of her settlement to AFSD. AFSD agreed to provide petitioners with an opportunity to challenge the validity of the liens. Petitioners argued at the hearing that the liens were improper and did not apply to their settlements because they were not the "recipients" of the ADC benefits; rather, their children were.

AFSD concluded in its order that the family unit was the "recipient" of the grant money and that AFSD's recovery of part of the settlement proceeds from the personal injury claims was proper. The order states:

"[T]he Division's policy of treating the family unit as the 'recipient of assistance' for purposes of applying the lien provisions of ORS 416.540 is consistent with relevant state and federal law and the purposes of the lien statute itself. * * * AFSD has, therefore, appropriately recovered the public funds pursuant to ORS 416.540."

Petitioners assign error to the agency's conclusion, again arguing that the children were the recipients of the grants. In the alternative, they argue that AFSD may recover only that portion of the assistance that was allocable solely to them as parents and that AFSD may not recover those funds that were allocable to the children.

The governing statute, ORS 416.540, provides, in part:

"(1)   Except as provided in subsection (2) of this section and in ORS 416.590, the Adult and Family Services Division shall have a lien upon the amount of any judgment in favor of

---

[1] Oregon calls the grant an ADC (Aid to Dependent Children) grant; the federal counterpart is called AFDC or Aid to Families with Dependent Children. *Smith v. AFSD*, 114 Or App 401, 403 n 1, 834 P2d 537 (1992).

a recipient or amount payable to the recipient under a settlement or compromise for all assistance received by such recipient from the date of the injury of the recipient to the date of satisfaction of such judgment or payment under such settlement or compromise."

For purposes of the lien provisions, ORS 416.510 to ORS 416.610, "recipient" is defined as "a recipient of assistance," ORS 416.510(7), and "assistance" is defined as

"moneys paid by the Adult and Family Services Division to persons directly and moneys paid by the division to others for the benefit of such persons." ORS 416.510(3).

AFSD viewed the critical issue in this case to be "whether the *recipient* of assistance is the household unit, the children of the household, or only the injured adult." (Emphasis in original.) It found that the statutory definition of recipient was "circular and does not settle this issue." In concluding that the term should be defined as "family unit," it explained:

"The Division as a matter of policy and practice has considered the recipient of assistance through an AFDC grant to be the entire family unit, not any individual member within the family unit. The Division's position, treating the family as the 'recipient of assistance,' is consistent with the structure and mandates of the federal AFDC program, federal case law, the purposes of the lien statute generally, and other Oregon law." (Footnote omitted.)[2]

AFSD is correct that the statutory language does not provide a precise definition of the term "recipient." The term, as used in ORS 416.540, is an inexact term. *Springfield Education Assn. v. School Dist.*, 290 Or 217, 224, 621 P2d 547

---

[2] Since the time of the agency decision in this case, the agency has adopted an administrative rule that incorporates this policy:

"(1) 'Recipient' means an individual who receives medical assistance or whose needs are included in a public assistance grant.

"(2) 'Assistance' means moneys for a recipient's needs and for the needs of other individuals living with the recipient whom the recipient has an obligation to support which are paid by the Adult and Family Services Division either directly to the recipient or to others for the benefit of the recipient. Assistance includes both cash and medical assistance." OAR 461-10-100.

Because of our decision that AFSD's interpretation of the statutory term was proper, it is unnecessary to address the question of whether this rule may be applied retroactively to this case.

(1980). As such, AFSD's task in applying this language to specific facts is to determine whether the legislature, as a policy matter, intended to include those facts in the provision. 290 Or at 224. We review the agency's order to determine whether its interpretation was "within the legislative policy which inheres in the statutory term." 290 Or at 227; ORS 416.145; ORS 183.482.

■ We conclude that AFSD's interpretation of the term "recipient" to include petitioners who received assistance for the benefit of their family is consistent with the legislative intent and policy in adopting ORS 416.540. As AFSD's order notes, Oregon's ADC program is part of a joint federal/state program. Oregon's statutes and rules must be consistent with federal standards to qualify for federal funding. As explained in the federal statutes, the ADC program is

> "[f]or the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children *and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection* * * *. The sums made available under this section shall be used for making payments to States which have submitted, and had approved by the Secretary, State plans *for aid and services to needy families with children*." 42 USC § 601. (Emphasis supplied.)

AFSD explains in its order that, because the federal program treats the family as a unit in determining eligibility for benefits, 45 CFR § 233.20(a)(3)(ii)(F) (1990), it logically follows that the family should be treated as an assistance unit for purposes of recovering assistance paid. AFSD also explains that its interpretation of the statute is consistent with the legislative purpose in adopting ORS 416.540:

> "Treating the family unit as the recipient of assistance is also consistent with the public policy underlying the lien recovery statute. The minimal legislative history of Senate Bill 503, now ORS 416.540, indicates that the statute was needed because 'in some instances Welfare cannot recover

for aid given after the court settlement is made.' (Remarks of Miss Jewett, Senate Public Welfare and Institutions Committee Minutes, March 24, 1959.) Indeed, this concern with being able to recover for aid provided through public funds is the core of all of ORS Chapter 416, which addresses recovery of assistance payments. ORS 416.405 states:

" 'It is the public policy of this state that dependent children shall be maintained, as much as possible, from the resources of both of the parents, thereby relieving or avoiding, at least in part, the burden often borne * * * by the general citizenry through public assistance programs.'

"Moreover, ORS 416.580 requires that moneys recovered pursuant to a lien under ORS 416.540 'shall be distributed by the division to the United States Government and the Public Welfare Account, as their interests may appear.' The purpose of recovering assistance payments, then, is to ensure that children are maintained from their parents' resources when that is possible, and to reduce thereby any unnecessary burden on the general public. The fact that state moneys recovered under ORS 416.540 are returned to the Public Welfare Account serves this purpose by making these funds potentially available to other eligible families."

We conclude that AFSD's action was consistent with the legislative policy behind the enactment of the lien provisions and that the provisions were intended to encompass the facts in this case. *See Springfield Education Assn. v. School Dist., supra.* AFSD properly held that all of the settlement proceeds received by petitioners were subject to ORS 416.540.

Affirmed.